UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO M.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,<br><br>Respondent. | No. 1:26-cv-06707-RLP<br><br>ORDER GRANTING HABEAS PETITION |

Before the Court is Petitioner Alejandro M.'s[1] ("Petitioner") petition for

[1]The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018),

writ of habeas corpus. ECF No. 1. Petitioner challenges the lawfulness of his immigration detention and seeks immediate release, or alternatively, a bond hearing. *Id.* In opposition, Respondent contends Petitioner is not entitled to a bond hearing or release. ECF No. 6. Respondent reasons that Petitioner is subject to mandatory detention until his removal order becomes final, pursuant to 8 U.S.C. § 1226(c)(1)(B) because Petitioner committed an aggravated felony under § 1227(a)(2)(A)(iii). ECF No. 6.

Petitioner responds that the following circumstances violate the Fifth Amendment Due Process Clause: (1) his re-detention without a pre-deprivation hearing after being released by Immigration and Customs Enforcement ("ICE"); (2) his prolonged detention without a bond hearing; (3) his prolonged detention because it has become punitive rather than regulatory; and (4) ICE's unlawful removal of Petitioner. ECF No. 10. The Court agrees with Petitioner on the first issue and therefore does not reach the remaining issues. Accordingly, as discussed below, Petitioner's petition for habeas corpus is granted.

## BACKGROUND

Petitioner arrived in the United States in 2005 and was subsequently adjusted to lawful permanent resident status as a native of Cuba under the Cuban

---

https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Adjustment Act of 1966. ECF No. 10 at 2; ECF No. 6 at 2. In 2017, Petitioner was convicted of conspiracy to commit health care fraud and wire fraud. ECF No. 10 at 3; ECF No. 6 at 2. In April 2019, Petitioner was charged as being removable for being convicted of an aggravated felony and was detained in immigration custody. ECF No. 10 at 3; ECF No. 10-1. Petitioner was ordered removed to Cuba in October 2019. ECF No. 10 at 3; ECF No. 10-1; ECF No. 6 at 2. However, Petitioner asserts he was not removed to Cuba because Cuba does not repatriate its citizens. ECF No. 10 at 3. Approximately nine months later, in January 2020, Petitioner was released under an Order of Supervision. *Id.*; ECF No. 10-2. Petitioner states he remained in the community under supervision for over five years until he arrived at the immigration office for regular reporting and was detained without explanation on October 20, 2025. ECF No. 10 at 3.

In November 2025, Petitioner challenged his removability, and the Immigration Court issued a Stay of Removal in December 2025. *Id.* at 4; ECF No. 10-3. Despite the order staying removal, Petitioner asserts he was removed to Mexico about five days later. ECF No. 10 at 4. Petitioner asserts he was driven to the Mexican border, where he was physically assaulted by ICE officers before being left at the border without any resources or means to survive. *Id.*

Petitioner continued to challenge his removability, and in June 2026, he was returned to United States' immigration custody. *Id.* at 4–5. Since June 2026,

Petitioner has filed two Motions to Terminate proceedings due to the Department of Homeland Security ("DHS") having failed to meet its burden as to Petitioner's removability. *Id.* at 5. Petitioner asserts that hearings on the motion were rescheduled repeatedly as DHS moved Petitioner from jurisdiction to jurisdiction. *Id.* Both motions were subsequently denied. *Id.* Petitioner now requests a writ of habeas corpus from this Court.

ANALYSIS

*Habeas Corpus*

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis,* 533 U.S. 678, 687 (2001).

*Exhaustion*

While the Ninth Circuit generally requires a noncitizen challenging an immigration custody determination to exhaust available administrative remedies before seeking habeas relief, exhaustion under 28 U.S.C. § 2241 is prudential rather than jurisdictional. *See Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). A court may excuse prudential exhaustion when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

Respondent argues Petitioner has not exhausted administrative remedies because Petitioner has not requested a *Joseph* hearing from the immigration court, where the court would consider whether Petitioner is subject to mandatory detention. ECF No. 6; *see Matter of Joseph*, 22 I. & N. Dec. 799 (BIA 1999). Petitioner responds that he has exhausted administrative remedies by filing multiple motions to terminate his immigration proceedings based on the argument that he is not removable. ECF No. 10 at 6. Additionally, Petitioner asserts that the immigration court cannot answer constitutional questions. *See Liu v. Waters*, 55 F.3d 421, 425 (9th Cir. 1995). Thus, Petitioner argues a *Joseph* hearing would be futile.

The Court agrees with Petitioner that a *Joseph* hearing would be futile. The immigration court has already rejected Petitioner's removability arguments, and during the immigration court's further consideration of Petitioner's arguments, Petitioner will suffer irreparable injury: his continued detention without the benefit of a pre-deprivation hearing. Additionally, the immigration court lacks jurisdiction to adjudicate Petitioner's due process claims. *See Liu*, 55 F.3d at 415. For those reasons, Petitioner has demonstrated that exhaustion should be excused.

*Fifth Amendment Due Process Clause*

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d at 990. "[T]he Due Process Clause applies to all persons within the United States, including aliens, whether their presence is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 679. The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id.* at 693–94.

Procedural due process claims involve two issues: (a) whether there is a protected liberty interest under the Due Process Clause; and (b) whether there is sufficient procedure to ensure any deprivation of that interest accords with the Constitution. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989).

*a. Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025). For that reason, even individuals subject to conditions of supervision have an interest in continued liberty. *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972). Those individuals have "relied on at least an implicit promise that parole will be revoked only if [they] fail[] to live up to the parole conditions." *Id.*

The Court finds that the same "implicit promise" exists in the immigration context when immigration authorities release an individual. Regardless of whether an individual is subject to mandatory detention pending removal, ICE's release of an individual pending removal is "at least an implicit promise" that release will be revoked only if the release conditions are violated. *See id.*; *see also Walter v. Warden, California City Corr. Ctr.*, No. 1:26-CV-03509 (EJD), 2026 WL 1383333, at *2 (E.D. Cal. May 18, 2026) (finding liberty interest in petitioner's four years of release after ICE detention); *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1103 (E.D. Cal. 2026) (holding petitioner has a protected liberty interest in

remaining out of immigration custody).

Here, Petitioner was released under an Order of Supervision in January 2020 and was re-detained over five years later, on October 20, 2025. ECF No. 10 at 3. Petitioner has a liberty interest in his continued release from immigration custody because when ICE released Petitioner from custody in January 2020, ICE made an "implicit promise" that release would only be revoked if release conditions were violated. *See Morrissey*, 408 U.S. at 482. The next question is what process is due before the government may deprive Petitioner of his liberty.

### *b. Process Required*

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. Petitioner remained in the community for over five years in reliance on ICE's previous representation that he was being released pending his removal

proceedings. *See R.A.N.O.*, 820 F. Supp. 3d at 1103 (finding petitioner had significant interest in remaining free from detention after being out of custody for three years).

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. *See id.* ("The risk of an erroneous deprivation of liberty is high when, as here, the petitioner has not received any bond or custody redetermination hearing.") (internal citations and modifications omitted). Petitioner was detained without notice or a hearing. ECF No. 10 at 3. Even if ICE believed it had a valid reason to detain Petitioner, ICE still had an "obligation to effectuate detention in a manner that comports with due process." *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).

As to the third factor, the Court recognizes that the government "has a strong interest in enforcing the immigration laws," but providing notice and a hearing before re-detention imposes little burden when compared to the significance of the deprivation. *See R.A.N.O.*, 820 F. Supp. 3d at 1105. "If the government wishes to re-arrest petitioner at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Id.* (internal citations and modifications omitted). The burden of providing Petitioner with a hearing before re-detaining him does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Because the *Mathews* factors weigh in favor of Petitioner, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his re-detention. Having received neither, Petitioner's continued detention violates the Fifth Amendment Due Process Clause. Due process requires Petitioner's immediate release.

**Accordingly, IT IS ORDERED:**

1. The petition for writ of habeas corpus, **ECF No. 1**, is **GRANTED.**

2. The motion to dismiss, **ECF Nos. 5–6**, is **DENIED**.

3. The motion for ruling, **ECF No. 11**, is **GRANTED**.

4. Respondent must **IMMEDIATELY RELEASE** Petitioner (A # 098-619-951) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on him as a condition of his release. Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.

5. Respondent is **ENJOINED AND RESTRAINED** from re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral factfinder where Respondent demonstrates that Petitioner's re-detention is justified by risk of danger or nonappearance under 8 U.S.C. § 1226. At any such hearing, Petitioner shall be

allowed to have counsel present.

6. This Order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal.

**IT IS SO ORDERED.** Judgment shall be entered in favor of Petitioner and a copy of this order shall be transmitted to Petitioner by mail and served to counsel and the California City Immigration Processing Center.

DATED November 23, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE